IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HECTOR ROSALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-76-HE |
| | ) |
| ASI CONSTRUCTORS, INC., | ) **JURY TRIAL DEMANDED** |
| | ) **ATTORNEY LIEN CLAIMED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Hector Rosales ("**Plaintiff**"), by and through his attorneys of record, Brown & Gould, PLLC, and for his Complaint against the Defendant, ASI Constructors, Inc. ("**Defendant**" or "**ASI**"), states the following upon information and belief:

### I.
### PARTIES

1. Plaintiff, Mr. Hector Rosales is and at all relevant times was, an individual and a resident of El Paso, Texas.

2. Defendant is a foreign for profit business corporation, and at all relevant times was conducting business in Blaine County, Canton, Oklahoma. Defendant's registered agent for service of process is Corporation Service Company located at 115 SW 89th Street, Oklahoma City, Oklahoma 73139.

## II.
## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of Title VII of the Civil Rights Act 42 U.S.C. § 2000(e), *et. seq*.

4. Defendant operated a construction work site in Blaine County, Oklahoma, where the events giving rise to the action occurred.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts and omissions giving rise to Plaintiff's claims occurred in and/or arose out of the Western judicial district of Oklahoma.

## III.
## STATEMENT OF FACTS

6. From September 5, 2013 to May 28, 2014, Defendant employed Plaintiff as a laborer.

7. During his employment, Plaintiff was repeatedly subjected to offensive racial slurs and a hostile work environment.

8. Plaintiff complained about this harassment and hostile work environment to his site supervisors as well as ASI's Corporate Human Resources Office.

9. Despite Plaintiff's complaints, the racial harassment and hostile work environment continued.

10.    Plaintiff requested a voluntary lay-off due to the hostile work environment, which he took on May 28, 2014.

11.    As a direct and proximate result of Defendant's unlawful conduct and discrimination, Plaintiff has suffered and incurred damages.

12.    On June 30, 2014, Plaintiff filed Charge of Discrimination No. 848-2014-26992 (the "Charge") with the Equal Employment Opportunity Commission ("EEOC").

13.    On October 28, 2014, the United States Department of Justice issued Plaintiff a right to sue letter. This action was timely filed within ninety (90) days thereafter.

### IV.
### THEORIES OF RECOVERY

#### PLAINTIFF'S CLAIM FOR RELIEF
[Title VII]

Plaintiff incorporates all prior allegations and further alleges and states as follows:

14.    The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et. seq*. in the nature of race and national origin based discrimination, harassment and a hostile work environment.

15.    Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1964.

16.    Because Defendant's actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1964.

## V.
## DAMAGES

For his allegation of damages, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

17. As a direct and proximate result of Defendant's unlawful interference, retaliation, denial of pay, and discrimination in violation of federal law, Plaintiff has suffered and continues to suffer actual damages and losses and is entitled to a recovery for the same, including, but not limited to:

 a. Actual damages;

 b. Compensatory damages;

 c. Back pay;

 d. Front pay;

 e. Equitable relief;

 f. Mental anguish;

 g. Punitive damages;

 h. Attorneys' fees; and

 I. Costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant, assess compensatory damages in excess of $75,000.00, punitive damages,

costs, reasonable attorney's fees and such other and further relief as this Court deems as just, equitable and allowed by law.

    Respectfully submitted,

    s/Anden M. Sharpe
Tony Gould, OBA # 18564
Anden M. Sharpe, OBA # 31707
**BROWN & GOULD, PLLC**
136 NW 10th Street, Suite 200
Oklahoma City, OK 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email:tgould@browngouldlaw.com
Asharpe@browngouldlaw.com

**ATTORNEYS FOR PLAINTIFF**